IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CELEBRITY SIGNATURES INTERNATIONAL, INC., a Delaware corporation;<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HAIRTECH INTERNATIONAL, INC., a Georgia corporation;<br><br>　　　　Defendant. | Case No. 4:10-cv-939<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Celebrity Signatures International, Inc. by its undersigned attorneys, Lathrop & Gage LLP, for its Complaint against Defendant alleges as follows:

**THE PARTIES**

1. Plaintiff, Celebrity Signatures International, Inc. ("Celebrity Signatures" or "Plaintiff"), is a corporation organized and existing under the laws of the State of Delaware, with its principal office located at 5900 Equitable Road, Kansas City, MO 64120.

2. Upon information and belief, Defendant HairTech International, Inc. ("HairTech" or "Defendant") is a corporation organized and existing under the laws of the State of Georgia. HairTech alternately lists its principal place of business as both 16310 Bake Parkway, Irvine, CA 92618 and 100 Colony Square, Suite 1800, 1175 Peachtree Street N.E., Atlanta, GA 30361. HairTech's registered agent is Paul C. Ford, 1175 Peachtree St., NE #1800, Atlanta, GA 30361.

# JURISDICTION

3. This is an action for: (1) patent infringement under the Patent Act, 35 U.S.C. §§ 271, et. seq., in that Defendant has infringed U.S. Pat. No. 7,735,495 ("the '495 Patent") by making, using, selling, offering to sell, and/or importing clip-in hair extension products, and/or by indirectly infringing the '495 Patent; and (2) false patent marking under the Patent Act, 35 U.S.C. §§ 292, et. seq., in that Defendant has knowingly mis-marked its articles as "patent pending" for the purpose of deceiving the public.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a), because this action arises under the Patent Act set forth at Title 35 of the U.S. Code. Further, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum of $75,000 (exclusive of interest and costs) and Plaintiff and Defendant are citizens of different states.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to this claim occurred in this District and because the Defendant is subject to personal jurisdiction in this district. Venue is further proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement and sold products with false patent markings in this District.

6. This Court has personal jurisdiction over Defendant in this action on the grounds that, upon information and belief: (a) Defendant has committed acts of patent infringement in the State of Missouri; and (b) Defendant has sold products with false patent markings in the State of Missouri; and (c) Defendant does business in the State of Missouri directly and through authorized distributors and dealers.

2

Case 4:10-cv-00939-SWH   Document 1   Filed 09/27/10   Page 2 of 8

## BACKGROUND

7. Plaintiff, perhaps best known to the public under its registered "HAIRUWEAR" trade name, is a leading manufacturer and retailer of "alternative hair" accessories, hair extensions, and hair improvement systems for women and men.

8. Teresa Lane and Ken Paves, as sole inventors, sought to patent a unique hair extension invention in the U.S., and accordingly filed a patent application on February 1, 2007, which was titled "PARTIAL CAP HAIR ACCESSORY". The United States Patent & Trademark Office (USPTO) assigned that patent application Serial No. 11/670,319 ("the '319 Application").

9. Ms. Lane and Mr. Paves assigned all of their patent rights in the '319 Application and all patents to issue from the '319 Application to Celebrity Signatures, and that assignment has been recorded at the USPTO under reel 019188, frame 0496.

10. On June 22, 2007, Celebrity Signatures notified Defendant by letter that the '319 Application was pending, that a product being sold by Defendant would likely infringe on the claims of any patent that would issue from the '319 Application, and that Celebrity Signatures believed Defendant's actions were willful. Celebrity Signatures requested that Defendant cease and desist making, using, selling, and offering for sale Defendant's knockoff products. Defendant did not respond to that letter.

11. Celebrity Signatures submitted a request to the USPTO for expedited publication of the '319 Application, and on September 27, 2007, the '319 Application was published as Pub. No. US2007/0221244 ("the '244 Publication") and accordingly became available to the public.

12. On October 12, 2007, Celebrity Signatures notified Defendant by letter that its patent application had published, and provided Defendant a copy of the '244 Publication.

Celebrity Signatures again requested that Defendant cease and desist making, using, selling, and offering for sale Defendant's knockoff products.

13. On November 29, 2007, Chris Volek, the CEO of Defendant HairTech, called an attorney for Celebrity Signatures and indicated that: (1) Defendant made about 500 units of the knockoff products; (2) Defendant stopped production and sale of the knockoff products before receiving the letter from Celebrity Signatures dated October 12, 2007; and (3) Defendant was not currently making, using, selling, or offering to sell the knockoff products.

14. The November 29, 2007 conversation with Chris Volek was memorialized in a letter to Defendant dated November 29, 2007. In that letter, Celebrity Signatures also requested that Defendant continue to refrain from making, using, selling, and offering for sale Defendant's knockoff products. Defendant did not respond to the November 29, 2007 letter.

15. On May 14, 2008, Celebrity Signatures notified Defendant by letter that it had learned that Defendant was again marketing knockoff products. Celebrity Signatures yet again requested that Defendant cease and desist making, using, selling, and offering for sale Defendant's knockoff products. In the same letter, Celebrity Signatures noted that the knockoff products were improperly being marked as "Patent Pending" and requested Defendants either immediately remove the "Patent Pending" designation from their articles, or provide Celebrity Signatures a copy of any patent application it believed supporting the marking of "patent pending" on Defendant's articles. Defendant did not respond to the May 14, 2008 letter.

16. On June 15, 2010, U.S. Patent Number 7,735,495 ("the '495 Patent") entitled "PARTIAL CAP HAIR ACCESSORY" was duly, validly and legally issued to Celebrity Signatures from the '319 Application. A true and correct copy of the '495 Patent is attached as Exhibit 1.

# FIRST CLAIM FOR RELIEF
# PATENT INFRINGEMENT

Plaintiff incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 16.

17. The '495 Patent correctly names Ms. Lane and Mr. Paves as the sole inventors, and correctly names Plaintiff as the Assignee.

18. All United States patents are presumed to be valid.

19. Celebrity Signatures has complied with any applicable marking requirements of 35 U.S.C. § 287 with respect to the '495 Patent.

20. Defendant is infringing at least one claim of the '495 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing its knockoff hair extensions in the United States; Defendant is further infringing at least one claim of the '495 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement with its knockoff hair extensions. Examples of Defendant's infringing products include clip-in hair extensions branded "Clipin-Go by Paris Hilton" and "Dream Catchers".

21. Defendant has had actual notice of Celebrity Signature's patent rights since at least October 12, 2007, and Defendant's infringement of the '495 Patent has been and continues to be willful and deliberate.

22. Defendant's infringement of the '495 Patent has caused great damage to Plaintiff. The amount of these damages is not yet known, but Plaintiff has lost profits and royalties as a direct result of the infringement and is entitled to damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty under 35 U.S.C. § 284. Plaintiff may also be entitled to recover prejudgment interest, costs, and treble damages

under 35 U.S.C. § 284.  Further, this is an exceptional case under 35 U.S.C. § 285 and Plaintiff should be awarded its attorneys' fees.

23. As a result of Defendant's infringement of the '495 Patent, Plaintiff has suffered and continues to suffer irreparable harm and impairment of the value of its patent rights, and is suffering the violation of its patent rights, all of which will continue unless Defendant is permanently enjoined by this Court from infringing the '495 Patent under 35 U.S.C. § 283. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FALSE PATENT MARKING

Plaintiff incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 23.

24. No U.S. patent application listing Defendant as inventor or assignee has ever been published by the USPTO.

25. Defendant's knockoff products, including clip-in hair extensions branded "Clipin-Go by Paris Hilton" and "Dream Catchers", are marked "Patent Pending".

26. Defendant has no basis or right to use "Patent Pending" on their knockoff products, including clip-in hair extensions branded "Clipin-Go by Paris Hilton" and "Dream Catchers".

27. Defendant has, at all relevant times, willfully and knowingly mis-marked its products as "Patent Pending" in a deliberate attempt to deceive the public and stifle competition.

28. Defendant's false patent marking has caused great damage to Plaintiff and the public and constitutes an unfair trade practice to the detriment of Plaintiff.  Under 35 U.S.C. § 292, Plaintiff is entitled to up to $500 for every product of Defendant bearing a false patent marking, and half of the award for false patent marking shall go to the use of the United States.

29. As a result of Defendant's false patent marking, Plaintiff has suffered and continues to suffer irreparable harm and impairment of the value of its patent rights, which will continue unless Defendant is permanently enjoined by this Court from using false patent markings. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff requests that this Court enter the following orders and judgments:

(a) Finding that Defendant infringes the '495 Patent;

(b) Finding that Defendant is guilty of false patent marking;

(c) Permanent injunctions against Defendant and its parents, subsidiaries, divisions, agents, dealers, officers, employees, successors, and assigns, and all others acting in concert or participation with Defendant, from:

(i) making, using, selling, offering to sell, or importing the invention claimed in the '495 Patent;

(ii) inducing infringement of the '495 Patent; and

(iii) using false patent markings;

(d) Finding the patent infringement to be willful;

(e) Awarding Plaintiff such damages, attorneys' fees, costs, prejudgment interest, and enhanced damages for patent infringement as may be shown by the evidence;

(f) Awarding Plaintiff up to $500 for every product of Defendant bearing a false patent marking, half of which award shall go to the use of the United States;

(g) Finding this to be an exceptional case and awarding Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285; and

(h) Awarding Plaintiff such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury of all issues triable of right to a jury and raised by the pleadings in this action.

Dated: September 27, 2010

Respectfully submitted,

s/ R. Cameron Garrison
R. Cameron Garrison      MO # 54064
LATHROP & GAGE LLP
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Facsimile: (816) 292-2001

A. Justin Poplin      MO # 57939
LATHROP & GAGE LLP
10851 Mastin Boulevard, Bldg 82, Ste 1000
Overland Park, Kansas 66210-1669
Telephone (913) 451-5100
Facsimile (913) 451-0875

Attorneys for Plaintiff