IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CELEBRITY SIGNATURES INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 10-00939-CV-W-GAF |
| HAIRTECH INTERNATIONAL, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is Plaintiff Celebrity Signatures International, Inc.'s ("Plaintiff") two (2) Motions to Dismiss Defendants Aderans Hair Goods, Inc. ("Aderans"), and Sally Beauty Supply, LLC.'s ("Sally Beauty") Counterclaim for Failure to State a Claim and Strike Certain Affirmative Defenses or, in the Alternative, For a More Definitive Statement pursuant to Fed. R. Civ. P. 12(b)(6), 12(e), and 12(f).[1] (Docs. ## 38, 48). Particularly, Plaintiff requests the Court dismiss Defendants' Counterclaims against Plaintiff for failure to state a claim and to strike certain affirmative defenses. (Docs. ## 36, 45). In the alternative, Plaintiff requests the Court order Defendants to file a more definite statement concerning their Counterclaims and affirmative defenses.[2] (Docs. ## 38, 48). Defendants oppose. (Docs. ## 46, 60). For the reasons set forth

---

[1] Defendants Aderans and Sally Beauty are collectively referred to as "Defendants."

[2] To be clear, Defendants separately filed an Answer and Counterclaim responding to Plaintiff's Amended Complaint. (*See* Docs. ## 36, 45). Defendants Answers and Counterclaims at issue are nearly identical. Therefore, for the purposes of Plaintiff's Motions, the Court addresses both Answers and Counterclaims within this Order.

1

below, Plaintiff's Motions are GRANTED in part and DENIED in part.

## DISCUSSION

### I. FACTS

On September 27, 2010, Plaintiff filed a complaint against Defendant Hairtech International, Inc. (Doc. # 1). Subsequently, on November 27, 2010, Plaintiff amended its Complaint adding Aderans and Sally Beauty as defendants and claims against them. (Doc. # 16). Specifically, Plaintiff alleged Defendants engaged in patent infringement of U.S. Patent Number 7,735,495 (the "'495 Patent"). (*Id*., ¶¶ 28-37).

In their Answers, Defendants each pled identical Counterclaims against Plaintiff, requesting the Court enter a declaratory judgment of non-infringement and invalidity of the '495 Patent. (Docs. ## 36, ¶¶ 42-46; 45, ¶¶ 42-46). Additionally, Defendants pled two (2) identical affirmative defenses. The first affirmative defense states, "[t]he First Amended Complaint fails to state a claim for which relief can be granted, and should therefore, be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." (Docs. # 36, ¶ 38; 45, ¶ 38). The second affirmative defense asserts the '495 Patent is void and unenforceable. (Docs. ## 36, ¶¶ 39-41(a)-(g); 45, ¶¶ 39-41(a)-(g)).

### II. LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a cause of action for failure to state a claim for which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true and grants the non-moving party all reasonable inferences from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader

2

is entitled to relief." "[D]etailed factual allegations are not required." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949-50 (citations and quotations omitted). A Rule 12(b)(6) motion should be granted only if the plaintiff fails to plead facts sufficient to state a claim "that is plausible on its face" and would entitle the plaintiff to the relief requested. *Twombly*, 550 U.S. at 570 (abdicating the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999).

Additionally, Fed. R. Civ. P. 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court enjoys "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Accordingly, motions to strike are generally disfavored. *See Young v. Dunlap*, 223 F.R.D. 520, 520 (E.D. Mo. 2004) (citing *Stanbury*, 221 F.3d at 1063).

Further, Fed. R. Civ. P. 12(e) motions for more definite statement permit parties to move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." "Situations in which a Rule 12(e) motion is appropriate are very limited." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1377(1990); *see Rutter v. Carroll's Food of Midwest, Inc.*, 50 F. Supp. 2d 876 (N.D. Iowa 1999). Like Rule 12(f) motions, Rule 12(e) motions are generally disfavored. *See Tinder v. Lewis Co. Nursing Home Dist.*, 207 F. Supp. 2d 951, 959-60 (E.D. Mo. 2001); *Radisson Hotels Intern., Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 644 (D. Minn.1996).

3

**III.     ANALYSIS**

**1.     Counterclaims**

Defendants' Counterclaims are sufficient to state a claim for which relief can be granted. Defendants go beyond mere legal conclusions and formulaic recitations to state a claim for declaratory judgment of non-infringement and patent invalidity by enumerating reasons why the '495 Patent is allegedly void and unenforceable. (*See* Docs. ## 36, ¶ 45(a)-(h); 45, ¶ 45(a)-(h)). Although Defendants do not set out in great factual detail why the '495 Patent is allegedly void and unenforceable, Defendants are not required to do so at this juncture in litigation. Additionally, Defendants' assertions put Plaintiff on sufficient notice as to their claims against Plaintiff. Therefore, Defendants' separate Counterclaims are sufficient to state a claim for which relief can be granted. Accordingly, Plaintiff's Motions to dismiss for failure to state a claim are DENIED, and Plaintiff's alternative motions for more definite statement are DENIED.

**2.     Affirmative Defenses**

Plaintiff contends Defendants' affirmative defenses are "so vague and ambiguous" that it cannot reasonably prepare a response. (Docs. ## 39, 49). Plaintiff further contends the *Twombly* and *Iqbal* heightened pleading standard applies to affirmative defenses, and Defendants' affirmative defenses do not meet said standard. To date, neither the United States Supreme Court nor any of the Federal Circuit Courts of Appeals, including the Eight Circuit, have opined as to whether the heightened pleading standard in *Twombly* and *Iqbal* apply to affirmative defenses.

The Supreme Court's *Twombly* and *Iqbal* decisions are directed toward the pleading standards of a claim, and do not expressly address whether those standards also apply to issues for which a defendant bears the burden of proof, including affirmative defenses. *See Twombly*, 550 U.S.

4

544; *Iqbal*, -- U.S. --, 129 S. Ct. 1937. A number of district courts have addressed this question and answered in the affirmative. *See Ahle v. Veracity Research Co.,* 738 F. Supp. 2d 896, 924 (D. Minn. 2010) (citing *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536 (D. Md. 2010); *see also Francisco v. Verizon South, Inc.*, No. 09-CV-737, 2010 WL 2990159, at *6, nn. 3–4 (E.D.Va. July 29, 2010) (identifying eighteen (18) district court decisions extending the standards to affirmative defenses and seven (7) decisions that have declined to do so). Yet, not all courts agree. Some courts flatly reject the application of *Twombly* and *Iqbal* to affirmative defenses. *See e.g. Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010) (determining *Twombly* and *Iqbal* do not apply to the pleading of defenses under Fed. R. Civ. P. 8(b) and (c)); *Holdbrook v. SAIA Motor Freight Line LLC*, No. 09-CV-02870-LTB-BNB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010) (noting Rule 8(a)(2) and Rule 8(b)(1)(A) possess different standards, and concluding declining to extend *Twombly* and *Iqbal* to affirmative defenses is the "better-reasoned" approach). At this time, the Court need not answer this question because other grounds exist for granting in part and denying in part Plaintiff's motions.

### A. Second Affirmative Defense

Regardless of whether the heightened pleading standard of *Twombly* and *Iqbal* apply to affirmative defenses, the second affirmative defense pled by Defendants is sufficient. In addition to stating in short and plain terms that Plaintiff's '495 Patent is void and unenforceable, Defendants enumerate the reasons why the '495 Patent is allegedly void and unenforceable. *See* Fed. R. Civ. P. 8(b)(1)(A). Said pleadings give Plaintiff sufficient notice as to Defendants' second affirmative defense. As such, Plaintiff's motions to strike both of Defendants' second affirmative defense are DENIED, and Plaintiff's motions for more definite statement are DENIED.

### B. First Affirmative Defense

The first affirmative defense of "failure to state a claim" pled separately by Defendants is an improper affirmative defense; rather, such assertion is proper as a motion to dismiss. *See* Fed. R. Civ. P. 8(c)(1), 12(b); *see also Lemery v. Duroso*, No. 09-CV-00167-JCH, 2009 WL 1684692 *3 (E.D. Mo. 2009) ("[F]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Plaintiffs' prima facie case."); *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."). Therefore, Plaintiff's motions to strike Defendants' first affirmative defense are GRANTED, and said affirmative defense is STRICKEN from both Defendants' Answers as an improper affirmative defense.

### CONCLUSION

Defendants' Counterclaims and second affirmative defenses are sufficiently pled and place Plaintiff on notice. However, Defendants' first affirmative defense is an improper affirmative defense, and therefore, stricken. For these reasons and the reasons set forth above, Plaintiff's Motions are GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

                                                   s/ Gary A. Fenner
                                                   Gary A. Fenner, Judge
                                                   United States District Court

DATED: **May 3, 2011**